1  SEYFARTH SHAW LLP
   Brian P. Long (SBN 232746)
2  bplong@seyfarth.com
   333 S. Hope Street, Suite 3900
3  Los Angeles, California 90071
   Telephone:   (213) 270-9600
4  Facsimile:   (213) 270-9601

5  SEYFARTH SHAW LLP
   Reiko Furuta (SBN 169206)
6  rfuruta@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
8  Facsimile:   (310) 201-5219

9  Attorneys for Defendants
   SEARS LOGISTICS SERVICES, SEARS
10 ROEBUCK AND CO., SEARS HOLDINGS
   CORPORATION (erroneously sued as SEARS
11 HOLDING CORPORATION) and KIM
   FORCADE

12

13

14                 UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16

17
   ARRON KNIGHT, individually and on          Case No. _2:18-cv-4597_____
18 behalf of similarly aggrieved employees,
                                              **NOTICE OF REMOVAL OF CIVIL**
19                Plaintiff,                  **ACTION TO UNITED STATES**
                                              **DISTRICT COURT**
20        v.
                                              (Los Angeles County Superior Court Case
21 SEARS LOGISTICS SERVICES, a                No. BC699167)
   business entity form unknown; SEARS
22 ROEBUCK & CO., a New York                  [*Filed concurrently with Civil Cover*
   corporation; SEARS HOLDING               *Sheet, Corporate Disclosure Statement,*
23 CORPORATION, a business entity form      *and Notice of Interested Parties*]
   unknown; KIM FORCADE, an individual;
24 and DOES 1 through 10, inclusive,

25                Defendants.

26

27

28

_____
            NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
46216674v.3

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Sears Logistics Services, Sears Roebuck and Co., Sears Holdings Corporation (erroneously sued as Sears Holding Corporation) and Kim Forcade ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. section 1331 to effect the removal of the above-captioned action from the Superior Court of California, County of Los Angeles.

## TIMELINESS OF REMOVAL

1.     On March 22, 2018, Plaintiff Arron Knight ("Plaintiff") filed a Complaint against Defendants in the Superior Court of California, County of Los Angeles, entitled: *Arron Knight v. Sears Logistics Services, et al.*, Case Number BC699167.

2.     On April 25, 2018, Defendants' counsel executed and served a Notice and Acknowledgement of Receipt of the Summons and Complaint for each of the four Defendants.

3.     On May 16, 2018, Plaintiff served a First Amended Complaint ("FAC") on Defendants electronically and by mail.

4.     This Notice of Removal is timely as it is hereby "filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"—30 days from April 25, 2018 "receipt" is May 25, 2018.  28 U.S.C. § 1446(b)(1); *see also, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  Accordingly, Defendants timely filed this Notice of Removal.

## GROUNDS FOR REMOVAL

## I.     THIS COURT HAS FEDERAL QUESTION JURISDICTION BASED ON THE FAIR LABOR STANDARDS ACT

5.     During the relevant time period, Plaintiff alleges that he and other similarly aggrieved employees were misclassified as exempt computer software employees who

2

1  were exempt from overtime pay requirements and should have been classified as non-

2  exempt.  (FAC ¶¶ 1, 2, 13.)  Defendants deny that they owe any compensation for

3  overtime pay because Plaintiff and other computer software employees were and are

4  properly classified as exempt from overtime pay requirements.

5      6.     Based on the purported failure to receive overtime, Plaintiff alleges

6  violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

7  Specifically, in Plaintiff's second cause of action for Failure to Pay Wages, Plaintiff

8  "seeks relief as an individual under the federal Fair Labor Standards Act, for back pay,

9  interest, attorney's fees and costs, and liquidated damages."  (FAC ¶ 56.)  Plaintiff prayed

10  for judgment as to the second cause of action for liquidated damages based on the FLSA.

11  (Prayer for Relief ¶ 4.)

12      7.     Moreover, Plaintiff claims that individual Defendant Kim Forcade is liable

13  as a co-employer of Plaintiff and the aggrieved employees under 29 U.S.C. 203(d) and

14  that "[t]he definition of 'employer' under the FLSA . . . 'is to be given an expansive

15  interpretation in order to effectuate the FLSA's broad remedial purposes.'"  (FAC ¶ 12.)

16  Plaintiff further alleges that each Defendant caused the violations at issue in the FAC,

17  "thereby creating liability under the FLSA . . ."  (FAC ¶ 20.)

18      8.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction

19  of all civil actions arising under the Constitution, laws, or treaties of the United States."

20  This Court thus has original jurisdiction of this action under 28 U.S.C. § 1331 based on

21  the FLSA claims brought by Plaintiff, which is made based on a federal statute.

22  Therefore, Defendants may properly remove this case pursuant to 28 U.S.C. § 1441.

23  **II.     SUPPLEMENTAL JURISDICTION EXISTS OVER PLAINTIFF'S**

24  **RELATED STATE LAW CLAIMS**

25      9.     Plaintiff's second cause of action seeks relief for Defendants' alleged failure

26  to pay wages under the FLSA, a federal statute codified at 29 U.S.C. sections 201, *et seq.*

27  for back pay, interest, attorney's fees and costs, and liquidated damages.  (FAC ¶ 56.)

28

3

10.     This action therefore presents a federal question over which this Court has original jurisdiction as well as supplemental jurisdiction over Plaintiff's non-federal claims because they are substantially related to the second cause of action.  28 U.S.C. § 1331; *see also Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1061 (E.D. Wash. 2013) ("The Court has federal question jurisdiction over Plaintiff's FLSA … claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.").

11.     In order for a District Court to have supplemental jurisdiction over state law claims "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state law claims.  *See, e.g., Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986) ("[t]o conserve judicial resources, it was appropriate for the district court to decide" the state law claims).

12.     Plaintiff asserts his non-federal claims on alleged violations by Defendants of California Labor Code section 2699 *et seq.* ("PAGA"), California Labor Code sections 203, 204, 510, 218.6, 2802, 226(c) and 1198.5 and California Business and Professions Code section 17200, *et seq.* ("UCL").  These claims arises from a common nucleus of operative facts as Plaintiff's claim for damages under the FLSA.  Plaintiff's claims arise from, relate to, and emanate from the same alleged employment relationship between Plaintiff and Defendants that is the subject of the federal question claim, and the related compensation claims, and raise the same issue as to whether Plaintiff and the aggrieved employees were properly classified as "exempt" from overtime and related requirements.  The same alleged facts that underlie Plaintiff's FLSA claim are also the basis for Plaintiff's other claims, which purportedly violate California and Federal law.  Therefore, Plaintiff's state law claims are so related to his federal law claim that they "form part of the same case or controversy" under Article III of the Constitution, giving rise to this Court's jurisdiction under 28 U.S.C. § 1367(a).

13.     Therefore, in the interest of judicial economy, the district court has supplemental jurisdiction over Plaintiff's remaining state law causes of action along with his claim for relief under the FLSA.  *See, e.g., O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 985 (E.D. Cal. 2010) (Holding that the exercise of pendent jurisdiction over state law claims was appropriate; "[T]he federal and state claims turn on virtually identical facts and similar theories of liability.  It appears to the court to be an inappropriate use of judicial resources to have the federal courts and the state courts simultaneously resolve cases with virtually identical facts.  Consequently, the court shall exercise supplemental jurisdiction over the state law claims.").  Accordingly, by virtue of 28 U.S.C. § 1441, Defendants are entitled to remove Plaintiff's claims to this Court.

## VENUE

14.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(1).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

15.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

16.     In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint, the Civil Case Cover Sheet, the Civil Case Cover Sheet Addendum, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, ADR Information Packet, the four Notice and Acknowledgement of Receipts, Notice of Case Management Conference, First Amended Complaint and Answer to the First Amended Complaint, the only "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants at this time, are attached as Exhibits A-F.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

46216674v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: May 25, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Reiko Furuta*

Brian P. Long
Reiko Furuta
Attorneys for Defendants
SEARS LOGISTICS SERVICES,
SEARS ROEBUCK AND CO., SEARS
HOLDINGS CORPORATION
(erroneously sued as SEARS
HOLDING CORPORATION) and
KIM FORCADE

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

46216674v.3